

**DEPARTAMENTO DE**
# EDUCACIÓN
**GOBIERNO DE PUERTO RICO**
Oficina para la Administración de los Convenios Colectivos

Exhibits: A

## COMITÉ CONCILIACIÓN UNIDAD APROPIADA DE COMEDORES ESCOLARES DE PR LOCAL 2396 UAW

Carmen L. Rivera Salgado
**QUERELLANTE**

QUERELLA NÚM. C-BAY-2025-00000073
SOBRE: Art. 15 y 38

VS

Omar Otero
**QUERELLADO**

### RESOLUCIÓN

El pasado 30 de octubre de 2025, la parte querellante, presenta querella Paso II, en la cual alega lo siguiente:

"El 1 de octubre de 2025, el supervisor contactó a la querellante, Sra. Carmen Rivera, por vía telefónica. Durante la llamada, el supervisor se dirigió a la empleada "de forma gritándole, alterado y haciéndole reclamaciones alterándola y poniéndola nervios". La agresión verbal ocurrió mienta el supervisor reclama, de forma alterado le indico que le van a radicar una querella de derechos civiles relacionada con el comedor. Esta acción es un intento de intimidar y coartar a la empleada mediante el uso abusivo de su posición gerencial. La conducta hostil causo un daño directo e inmediato a la empleada, quien procedió a colgar para evitar segur afectando sus emociones y salud, y que expresa sentirse "muy afectada por la situación". Esto demuestra que la conducta del supervisor es perjudicial y crea un ambiente de trabajo hostil. Todo esto ocurrió mientras esta fuera del trabajo en el funeral de mi papa, que ya previamente le había indicado el día 29 de septiembre 2025 que mi papa había fallecido".

### RELACIÓN DE HECHOS

1. La querellante ocupa un puesto como PSA II, en el comedor de la escuela Altinencia Valle de la ORE de Bayamón.
2. La Sra. Carmen L Rivera, alega que el 1 de octubre de 2025, el supervisor contactó a la querellante, por telefónica y durante la llamada, el supervisor se dirigió a la empleada "gritándole, alterado y haciéndole reclamaciones lo que la altero y se puso nerviosa". La agresión verbal ocurrió mientras le indicaba que le radicarían una querella de derechos civiles relacionada con el comedor.

3. La querellante alega que esta acción es un intento de intimidar y coartar a la empleada mediante el uso abusivo de su posición gerencial. La conducta hostil le causo un daño directo e inmediato a la empleada, quien procedió a colgar para evitar segur afectando sus emociones y salud, y que expresa sentirse "muy afectada por la situación".

4. La Sra. Carmen L Rivera alega además que esto demuestra que la conducta del supervisor es perjudicial y crea un ambiente de trabajo hostil. Todo esto ocurrió mientras esta fuera del trabajo en el funeral de su papa que ya previamente le había indicado el día 29 de septiembre 2025 que su papa había fallecido".

5. La administración escolar alega que la encargada dejo el comedor cerrado solo un día debido a que luego del uso del mismo lo dejaban abierto y ella es responsable por todo lo que se encuentra dentro del comedor, también informo que no se realizaron los acercamientos a la administración escolar para el uso del mismo por parte del Programa Futuro Ciclo 2.

6. La administración escolar alega además que el comedor no cuenta con los empleados suficientes para el servicio de alimentos y que alguna de las empleadas presenta condiciones de salud que se le hace difícil realizar sus funciones.

7. El Supervisor de Comedores, Sr. Omar Otero Adorno, rechaza enérgicamente cualquier intento de desacreditar la labor legitima de supervisión y reitera su compromiso con la ética la transparencia y el cumplimiento fiel de las normas federales y estatales que rigen el programa.

8. El supervisor expresa estar preocupado por el proceder que viene demostrando la Unión de Empleados de Comedores Escolares en la Región de Bayamón, donde se ha observado un patrón de querellas infundadas y carentes de evidencia en contra de supervisores y personal administrativo. Además, estas acciones, que se repiten con frecuencia, no solo afectan el buen funcionamiento del Programa de Servicios de Alimentos Escolares, sino que también menoscaban la integridad y la reputación de los servidores públicos que cumplen con sus funciones conforme a ley.

9. El Sr. Omar Otero Adorno, supervisor de comedores niega categóricamente todas las alegaciones de acoso laboral trato humillante o agresión verbal alegadas por la querellante. Además, indica que no existe evidencia admisible en derecho ni audios videos ni testimonio corroborado que sustenten dichas imputaciones. Que el acoso laboral: La Ley Núm. 90-2020 , establece que para que exista acoso laboral debe haber un patrón de conducta reiterada, maliciosa y sin propósito legítimo. En este caso, se trató de una única llamada administrativa y plenamente justificada. • Trato humillante: No hubo palabra, gesto o acción que denigrara a la Sra. Rivera Salgado. • Agresión verbal: En ningún momento se emplearon palabras soeces, insultos, amenazas ni expresiones ofensivas. La querellante no puede interpretar su tono de voz o su forma de comunicarse como agresión verbal, ya que ello responde a una percepción subjetiva, no a un hecho objetivo. Su tono siempre fue respetuoso, profesional y propio de un funcionario que exige cumplimiento, tal como exige el cargo que ostenta. Si la querellante entendió lo contrario, esa interpretación personal no constituye agresión ni falta de respeto, y no puede servir de base para una querella.

10. Informa el Supervisor que la comunicación efectuada con la querellante tuvo un propósito estrictamente administrativo y correctivo en cumplimiento con sus funciones conforme a las normas federales del USDA y los reglamentos de la AEA. Resulta sumamente preocupante que la Unión de Empleados de Comedores Escolares Local 2396 UAW haya presentado o respaldado esta querella sin: Analizar los hechos, Verificar evidencia, Consultar la definición legal del acoso laboral, ni Evaluar la legitimidad del acto supervisor. Por lo que se considera un abuso del proceso administrativo y un

Exhibits A

acto difamatorio que violenta mi derecho a la honra, protegido por el Artículo II, Sección 8 de la Constitución de Puerto Rico y el Artículo 1802 del Código Civil.

11. El Sr. Omar J. Otero informo que el Municipio de Toa Baja por conducto de su directora del Programa Futuro Ciclo 2 Sra. Sheila E. Virella, emitió un informe dirigido a la AEA donde corrobora los hechos que motivaron su intervención y refuta las alegaciones falsas de la querellante. El contenido de la misma confirma que; El comedor escolar permanecía cerrado durante el servicio de merienda impidiendo que los estudiantes utilizaran un espacio higiénico y adecuado, estudiantes se vieron obligados a comer en el suelo o en el gazebo contrario a las normas de USDA, encargada (querellante) se negaba abrir el comedor por varias ocasiones.
12. El supervisor alega que solo tras su intervención se logro abrir el comedor para evita sanciones federales al DEPR bajo la National School Lunch Act (42 U.S.C. & 1751 et seq. Por lo que el querellado solicita la Union presente evidencia admisible que respalden sus alegatos de no ser así la querella se considera una frívola, difamatoria y sin fundamentos. Además, el patrón utilizado por la Union se enmarca en uno de hostigamiento laboral y persecución sindical. Los representantes sindicales al estar en licencia pudieran ser evaluados por la oficina de ética gubernamental para determinar si ha habido uso indebido de esta licencia por abuso de autoridad o conflicto de interés al promover querellas falsas o difamatorias contra funcionarios públicos.
13. El DEPR desalienta, repudia y cesura cualquier conducta antisocial de acoso laboral que lacere la dignidad y socave la integridad del individuo en su ambiente de trabajo.
14. El Departamento informa que la querellante no sometió evidencia documental del alegado hostigamiento y acoso laboral de parte del querellado. El daño tiene que ser palpable y la empleada no mostro evidencia del mismo tampoco evidencia medica que certifique el mal estado emocional en que se encuentran.
15. El Departamento informa que la Ley para Prohibir y Prevenir el Acoso Laboral en PR, num.90-2022, dispone que el acoso laboral se define como aquella conducta malintencionada, no deseada repetitiva y abusiva…y dependerá de la totalidad de las circunstancias y los hechos probados en cada caso en particular.

## CONCLUSIONES DE DERECHO

1. Convenio Colectivo Artículo VI, Derechos Reservados del Departamento de Educación dispone que:
   Sección 6.01: La Unión reconoce que en el servicio de las facultades que le confiere el ordenamiento jurídico de Puerto Rico, el Departamento de Educación retiene y retendrá el control exclusivo de todo lo concerniente a la dirección, operación, manejo y administración de la Agencia.
   Sección 6.02: Dichos poderes y prerrogativas gerenciales serán utilizados por el Departamento siguiendo el orden establecido por las leyes federales, estatales y de este convenio.
   Sección 6.03: El Departamento acuerda notificar a la Unión y a los empleados antes de requerirles el cumplimiento de las reglas y reglamentos que se establezcan y que
   sean aplicables a ellos. La Unión se reserva el derecho de radicar aquellas quejas y agravios cuando entienda que se ha violado algún derecho de alguno de los integrantes de la Unidad Apropiada en la aplicación de las reglas y reglamentos ante mencionados, mediante el Procedimiento de Quejas y Agravios.

2. Convenio Colectivo, Artículo LXIV, Otras Condiciones de Empleo; Sección 69.01: El Departamento y la Union se obligan adoptar las medidas y precauciones necesarias o convenientes para evitar accidentes del trabajo y mantener las mejores condiciones higiénicas de las facilidades donde trabajen los empleados cubiertos por este Convenio.
   Sección 69.03: El Departamento y la Unión se obligan a darse mutuamente el mejor trato, respeto y consideración posible, a fin de mantener las mejores relaciones entre todos y mantener la eficiencia de los servicios que presta la Agencia.
   *Sección 69.11: No se le llamara la atención a ningún empleado frente a otros compañeros a la comunidad escolar.*

3. Convenio Colectivo, Artículo VII; Derechos de la Unión: Sección 7.01: El Departamento reconoce el derecho de acceso a cualquier unidad de la agencia durante horas laborables a los representantes de la unión para llevar a cabo actividades relacionadas con la administración del convenio. Durante la visita de algún representante de la unión en el ejercicio de sus funciones no se afectarán los servicios directos al estudiante. El representante de la Unión deberá identificarse en la oficina de la escuela y firmar la hoja de registro que para tales efectos se asigne.

4. Convenio Colectivo, Artículo XXXVIII, Relaciones de Personal; Sección 38.01: Las partes reconocen la importancia de mantener unas relaciones de personal adecuadas que se caractericen por el respeto mutuo, la cooperación y el reconocimiento a los derechos y responsabilidades de los trabajadores. Sección 38.02: Las partes se comprometen a fomentar un ambiente de trabajo estimulante y armonioso que protéjala dignidad de todos y un clima adecuado para el bienestar e integridad personal.

5. Carta Circular núm. 039-2021-2022; POLÍTICA PÚBLICA Y PROCEDIMIENTO INTERNO PARA LA PREVENCIÓN Y EL MANEJO DEL ACOSO LABORAL EN EL DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO; establece el procedimiento a seguir para la radicación de querella por acoso laboral. Dispone que los empleados deberán radicar las querellas sobre acoso laboral ante un Investigador de la UIQA.

   El DEPR divulga esta política pública y las normas establecidas por la referida Ley 90-2020, supra, a todos los empleados, funcionarios, contratistas, suplidores, visitantes y voluntarios para su cumplimiento. De manera que estos contribuyan al ambiente de sosiego y respeto que debe imperar en las áreas de trabajo, teniendo en cuenta que todos los miembros de nuestra sociedad tienen el deber cívico de prevenir, desalentar y erradicar el acoso laboral en el empleo. A su vez, es responsabilidad de todo funcionario o empleado reportar conductas que afecten el ambiente de trabajo y constituyan acoso laboral, así como cooperar con las investigaciones que se realicen. La presente política pública establece el Procedimiento Interno para Presentar, Investigar y Adjudicar Querellas: La prohibición de actos de acoso laboral aplica a todo funcionario o empleado de la agencia, independientemente del nivel jerárquico, estatus o categoría y a las personas no empleadas por la agencia, sean visitantes, contratistas, etc. Cualquier empleado o aspirante a empleo que tenga conocimiento o considere que ha sido objeto de acoso laboral, en cualquiera de sus modalidades, debe presentar una querella siguiendo el procedimiento aquí establecido. Las querellas de los empleados se presentarán ante un investigador de la Unidad de Investigación de Querellas Administrativas. Si llegara a conocimiento del supervisor o a cualquier oficina o dependencia del

DEPR, estos los referirán inmediatamente a la UIQA. La querella deberá ser escrita y contener un resumen de los hechos, testigos o evidencia.

Conducta Constitutiva de Acoso Laboral en el Empleo y las Modalidades: No toda conducta que cumpla con ciertas características de las definidas en la Ley núm. 90-2020, según enmendada, cumple con la categoría de acoso laboral, sino que es aquella conducta malintencionada, no deseada, que genere una atmósfera hostil, intimidatoria, humillante u ofensiva para el empleado que impida su sana estadía en el trabajo; y que sea originada por un motivo ajeno al legítimo interés de salvaguardar el efectivo desempeño en el empleo o que contenga expresiones claramente difamatorias o lesivas que atenten contra la dignidad de su persona.

6. Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico" Ley Núm. 90 de 7 de agosto de 2020, según enmendada; Se define como aquella conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos, tales como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. Esta conducta de acoso laboral crea un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que la persona razonable pueda ejecutar sus funciones o tareas de forma normal.

7. In accordance with federal civil rights law and USDA civil rights regulations and policies, the USDA, its agencies, offices, employees, and institutions participating in or administering USDA programs are prohibited from discriminating based on race, color, national origin, religion, sex, disability, age, marital status, family/parental status, income derived from a public assistance program, political beliefs, or reprisal or retaliation for prior civil rights activity, in any program or activity conducted or funded by USDA (not all bases apply to all programs). Remedies and complaint filing deadlines vary by program or incident.... Persons with disabilities who require alternative means of communication for program information (e.g., Braille, large print, audiotape, American Sign Language, etc.) should contact the state or local agency that administers the program or contact USDA through the Telecommunications Relay Service at 711 (voice and TTY).

8. Convenio Colectivo, Declaración de Principios Articulo II, ...También facilitará que las querellas se puedan resolver al nivel más bajo posible señalado en el procedimiento y así ahórrale dinero al pueblo de Puerto Rico. Finalmente, un contexto de relaciones laborales positivas permitirá que las personas responsables de acordar y acordar y administrar el convenio tenga suficiente autoridad para llevar a cabo discusiones significativas y solucionar las controversias que puedan surgir.

Para dar cumplimiento a nuestros objetivos comunes, las relaciones entre los empleados y la Administración se basarán en el respeto a la dignidad del ser humano, sin consideración de clase alguna por motivos o cuestiones de raza, sexo, orientación sexual, credo impedimento físico o mental, religión color, estado marital ..

9. Convenio Colectivo, Artículo XIX, Procedimiento para la Resolución de Quejas y Agravios entre las Partes. Sección 19:01: Todas las controversias, disputas, quejas, querellas y reclamaciones basadas en la aplicación e interpretación de las disposiciones de este Convenio será de la competencia de los organismos y funcionarios creados y designados en este Artículo y de los organismos creados por la Ley Núm. 45 del 25 de febrero de 1998, Título 3 LPRA Sección 1451 y siguientes, conocida como la Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico.

Sección 19.07: Paso II; Cuando la decisión tomada por el Director de Escuela o Supervisor Inmediato no resulta satisfactoria para el miembro de la Unidad Apropiada, éste o su representante presentará su apelación por escrito ante el Director de la Oficina para la Administración de los Convenios Colectivos (en adelante la "Oficina"), con copia al Director de la Unidad de Trabajo y a las Oficinas Centrales de la Unión en un término no mayor de diez (10) días laborables. El Director de la Oficina convocará al Comité de Conciliación en un término no mayor de diez (10) días laborables.
El comité de conciliación estará compuesto por dos (2) representantes de la Unión y dos (2) representantes del Departamento, disponiéndose que por mutuo acuerdo se podrán designar comités de conciliación adicionales cuando el volumen de querellas así lo requiera.
El Comité de Conciliación realizará una reunión conciliatoria, de ser necesario, con las partes dentro de los próximos quince (15) días a partir de haber recibido la querella. Disponiéndose que de no surgir un acuerdo en cuanto a la celebración de esta reunión, la misma será mandatoria.
El Comité de Conciliación formulará su decisión y la notificará por escrito a las partes en un término no mayor de diez (10) días laborables. Luego de llevar a cabo dicha reunión de conciliación, el Comité de Conciliación formulará su decisión con determinaciones de hecho y la notificará por escrito a las partes un término no mayor de diez (10) días a partir de la fecha en que se celebró la reunión conciliatoria. La radicación de una querella fuera del término establecido no será razón para no aceptar y discutir la querella.

Sección 19.08: Las decisiones del Comité de Conciliación se emitirán mediante Resolución con determinaciones de hecho y de derecho. Las Resoluciones establecerán con claridad las recomendaciones o remedios a ponerse en práctica.
Se notificará a las partes en un término no mayor de diez (10) días a partir de la fecha en que se celebró la reunión conciliatoria.
Sección 19.09: Ambas partes vendrán obligados a cumplir con las disposiciones de la resolución emitida por el Comité de Conciliación. El no cumplir con esta disposición constituye una práctica ilícita y una violación a la legislación aplicable y la imposición de medidas disciplinarias.

## DECISIÓN DEL COMITÉ

Se solicita a la Autoridad de Alimentos de la ORE de Bayamón Sra. Margarita Pacheco, el Supervisor de Comedores Omar Otero y la Sra. Franchesca Reyes o su representante la celebración de una reunión en un término de (15) días laborables con el propósito de aclarar y reforzar los procesos establecidos en el comedor escolar, así como promover una comunicación efectiva y colaborativa entre el supervisor del programa y la encargada del comedor.

La intención de esta reunión es asegurar que los procedimientos se estén implementando conforme a las normas vigentes, atender cualquier duda o situación que haya surgido y fortalecer la coordinación entre las partes, en beneficio del buen funcionamiento del servicio de alimentos y de la comunidad escolar en general. Se enviará al Comité de Conciliacion copia de la Minuta con los acuerdos sostenidos.

En San Juan, Puerto Rico, hoy 14 de enero de 2026.

_____  
Representante Unión Comedores  
Escolares De PR Local 2396 UAW

_____  
Representante de D.E.

**NOTIFIQUESE:**

Certifico que copia fiel y exacta de la resolución adoptada en este caso se ha notificado mediante copia certificada a las siguientes personas:

Fecha de Notificación: 15-enero-26   Notificado por: VRyn

*Advertencia: La parte afectada por la presente determinación podrá presentar una solicitud de revisión ante un Árbitro de la Comisión de Relaciones del Trabajo para el Servicio Público de Puerto Rico, conforme a lo dispuesto por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la Ley de Relaciones del Trabajo de Puerto Rico, en un término no mayor de diez (30) días laborables.*




**Asociación Empleados Comedores Escolares de PR Local 2396 UAW**
OFICINA DE CONCILIACIÓN Y ARBITRAJE
P O Box 849 Caguas, P R 00726
Tels. 787-704-1230, 787-704-1235 Fax: 704-1212

## Informe Situación
## Minuta

**Escuela:** Altinencia Valle  **Distrito:** Toa baja
**Fecha:** 5 de febrero de 2026  **Hora:** 9:30 AM

**Propósito Reunión: (Descripción de Hechos)**

Querella B4Q 8/0 Carmen L. Rivera Salgado - PSA II vs Sup. Omar Otero - Violación art - XV - Art - XXXVIII

Este día la Sra. Carmen indicó como se sintió luego de ese incidente no me he sentido bien el hecho ocurre cuando me encontraba en el funeral de mi padre.

Omar - Yo no sabía no tenía conocimiento q su padre q llamé a la directora de la escuela. Yo le pido disculpas a Carmen por que desconocía del proceso de duelo.

Pacheco - Es lamentable que la falta de comunicación de las partes.

Cum - al llamar al municipio para radicar una querella derechos civiles y ante esa situación es que la llamé.

**Acuerdos:**

1- La supervisión de la Sra. Carmen L. Rivera la va a hacer la Sra. Grasly Roldán - Sup. R. se releva al Sr. Omar Otero con la Sra. Carmen en adelante.
2- La comunicación entre las partes debe mejorar.
3- Orientó sobre el derecho que tienen las partes en relación a los convenios colectivos.
4- Trato justo y respeto.
5- Se orientó sobre ley 90 y ley 104 acoso laboral.

**Funcionarios presentes:**

| Nombre | Puesto | Firma |
|---|---|---|
| Margarita Pacheco | Sup. Olar. | Margarita Pacheco |
| Omar Marrero Otero | Supervi Distrito | |
| Grasly Roldán | Sup. Región | |
| Lcdo. Noba Portalatin | Rep. Franchesca | |
| Carmen L. Rivera | PSA II | Carmen L. Rivera Salch |
| Carlos García | afiliada/unión | |
| Nelly Ayala | | Nelly Ayala |




**Asociación Empleados Comedores Escolares de PR Local 2396 UAW**
OFICINA DE CONCILIACIÓN Y ARBITRAJE
P O Box 849 Caguas, P R 00726
Tels. 787-704-1230, 787-704-1235 Fax: 704-1212

Exhibits B

# Informe Situación
# Minuta

| Escuela: | Distrito: |
|---|---|
| Fecha: | Hora: |

**Propósito Reunión: (Descripción de Hechos)**

**Acuerdos:**

**Funcionarios presentes:**

| Nombre | Puesto | Firma |
|---|---|---|
| Elizabeth Murphy (?) | Coordinadora | [firma] |
| Carmen Caraus (?) | Sentri (?) | Cau Cujitor |
| Grace Roldán Morales | Supervisa Regional | [firma] |
| Omar Otero | Sup. AEA | [firma] |